## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: SPARRER SAUSAGE COMPANY, INC. ) | Case Number: 12-04289 |
| ) | |
| Debtor ) | Chapter 11 |
| ) | |
| _____ ) | Honorable Eugene R. Wedoff |
| ) | |
| ) | |
| THE UNSECURED CREDITORS COMMITTEE ) | Adversary Case No. 13-_____ |
| OF SPARRER SAUSAGE COMPANY, INC., ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| JASON'S FOODS, INC., ) | |
| ) | |
| Defendant ) | |

### COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

The Unsecured Creditors Committee of Sparrer Sausage Company, Inc. ("**Committee**") brings this adversary proceeding pursuant to Sections 502, 547 and 550 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 7000(1) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") to avoid and recover certain preferential Transfers made to Jason's Foods, Inc., ("**Defendant**") and respectfully alleges as follows.

### The Parties

1. On February 7, 2012, ("**Petition Date**"), Sparrer Sausage Company, Inc. ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has continued to operate its business and manage its affairs as Debtor-in-Possession under §§1107(1) and 1101 of the Bankruptcy Code.

3.      On March 16, 2012, the Committee was appointed. On August 15, 2012, this Court entered an Order authorizing the Committee to bring actions pursuant to Chapter 5 of the Bankruptcy Code on behalf of the Debtor.

4.      The Defendant, Jason's Foods, Inc., is an Illinois corporation.

### Jurisdictional Allegations

5.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises in or under, and is related to, the above-captioned bankruptcy case pending before the Bankruptcy Court.

6.      This adversary proceeding constitutes a "core" proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b)(2).

7.      Venue is proper in this district pursuant to 28 U.S.C. §1409.

### COUNT ONE – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

8.      The Committee incorporates by reference the allegations set forth in paragraphs 1-7 hereof as if fully stated herein.

9.      On one or more occasions during the 90 days prior to the Petition Date ("**Preference Period**"), the Debtor transferred, or caused or allowed to be transferred, an interest in its property in the aggregate amount of $586,658.10 directly to a further benefit of the Defendant ("**Transfers**").

10.     The Transfers are detailed on Group Exhibit A attached hereto.

11.     The Defendant was a creditor of the Debtor at the time of each of the Transfers, within the meaning of 11 U.S.C. §101(10)(A).

12. The Transfers were to or for the benefit of the Defendant within the meaning of 11 U.S.C. §547(b)(1), because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

13. The Transfers were made on account of an antecedent debt owed by the Debtor to the Defendant before the transfer was made.

14. The Debtor was insolvent throughout the Preference Period because the sum of its debts was greater than the fair value of its assets.

15. In receiving the Transfers during the Preference Period, the Defendant received more than the Defendant would have received if (a) the Debtor had filed its Bankruptcy Petition under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of its debt to the extent provided by the provisions of Chapter 7 of the Bankruptcy Code.

16. Prior to the filing of this Complaint, the Committee sent a letter to the Defendant demanding that the Defendant repay the Transfers. The Defendant has failed and/or refused to pay the Transfers in whole.

WHEREFORE, the Committee respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count One as follows:

(a) Declaring that the Transfers are avoidable preferences pursuant to 11 U.S.C. §547(b); and

(b) Granting such other and further relief as this Court deems just and equitable.

## COUNT TWO – RECOVERY OF AVOIDED TRANSFERS
## PURSUANT TO 11 U.S.C. §550

17. The Committee incorporates by reference the allegations set forth in paragraph 1-16 hereof as if fully stated herein.

18. The Transfers, to the extent they are avoided pursuant to 11 U.S.C. §547(b) may be recovered by the Committee pursuant to 11 U.S.C. §550(a)(1).

WHEREFORE, the Committee respectfully requests that this Court enter judgment in its favor and against the Defendant on Count Two as follows:

    (a) Declaring that the Committee may recover the Transfers from the Defendant pursuant to 11 U.S.C. §550(a)(1);

    (b) Ordering that the Defendant pay to the Committee the aggregate amount of the Transfers, plus all interest that has accrued since the date that the Committee demand a return of the Transfers; and

    (c) Granting such other and further relief as this Court deems just and equitable.

## COUNT THREE – DISALLOWANCE OF CLAIMS
## PURSUANT TO 11 U.S.C. §§502(d) AND 550

19. The Committee incorporates by reference the allegations set forth in paragraph 1-18 hereof as if fully stated herein.

20. Section 502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving a payment that is avoidable under §547 of the Bankruptcy Code has paid the amount for which such entity or transferee is liable under §550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

[033998.0006/1221868/1]

4

21.     Defendant has not paid or surrendered the Transfers to the Committee. Therefore any claim which Defendant has filed in these cases must be disallowed.

WHEREFORE, the Committee respectfully requests that this Court enter judgment in its favor and against the Defendant on Count Three as follows:

(a)     Disallowing any and all claims of the Defendant against the Debtor's estates pursuant to §502(d) and 550 of the Bankruptcy Code; and

(b)     Granting such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPARRER SAUSAGE COMPANY, INC.

By:___/s/ Scott N. Schreiber_____
      One of its attorneys

Scott N. Schreiber (ARDC #6271042)
Shelly A. DeRousse (ARDC #6274798)
Pamela J. Leichtling (ARDC #6183213)
Stahl Cowen Crowley Addis, LLC
55 West Monroe, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Fax: (312) 641-6859

[033998.0006/1221868/1]